**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PREPARED FOOD PHOTOS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:22-cv-00311-SRC |
| | ) | |
| MICHAEL DIFFLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

COME NOW Defendants Michael Diffley, individually and d/b/a The Corner Butcher, Adam Day, individually and d/b/a The Corner Butcher, and Bradley Childs, individually and d/b/a The Corner Butcher, by and through undersigned counsel, and for their Answer and Affirmative Defenses to Plaintiff's Complaint for Copyright Infringement (Injunctive Relief Demanded), state as follows:

**SUMMARY OF THE ACTION**

1.      This paragraph does not contain factual allegations for which any answer is necessary.  To the extent this paragraph is deemed to include factual allegations, Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

2.      Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

3.      Defendants admit they own and operate a butcher shop and an internet website. Defendants deny the remaining allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

4.      This paragraph does not contain factual allegations for which any answer is necessary.  To the extent this paragraph is deemed to include factual allegations, Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

5.      This paragraph does not contain factual allegations for which any answer is necessary.  To the extent this paragraph is deemed to include factual allegations, Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

## JURISDICTION AND VENUE

6.      This paragraph does not contain factual allegations for which any answer is necessary.  To the extent this paragraph is deemed to include factual allegations, Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

7.      Defendants deny the allegations in this paragraph and hold Plaintiff to strict proof thereof.

8.      Defendants deny the allegations in this paragraph and hold Plaintiff to strict proof thereof.

9.      Defendants deny the allegations in this paragraph and hold Plaintiff to strict proof thereof.

## DEFENDANTS

10.     Defendants admit the allegations contained in this paragraph.

11.     Defendants admit the allegations contained in this paragraph.

12.     Defendants admit the allegations contained in this paragraph.

## THE COPYRIGHTED WORKS AT ISSUE

13.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

14.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

15.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

16.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

## INFRINGEMENT BY DEFENDANTS

17.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

18.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

19.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

20.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

21.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

22.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

23.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

24.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

25.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

26.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

## COUNT I
## COPYRIGHT INFRINGEMENT

27.     Defendants incorporate their answers to the allegations contained in paragraphs 1 through 27 and incorporate as if fully set forth herein.

28.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

29.     Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny same and hold Plaintiff to strict proof thereof.

30.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

31.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

32.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

33.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

34.     Defendants deny the allegations contained in this paragraph and hold Plaintiff to strict proof thereof.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendants pray this Court dismiss Count I against them with prejudice, enter judgment in their favor and against Plaintiff, award costs, attorneys' fees, other fees, and any other monetary award permitted by law, and for such further relief this Court deems fair and just under the circumstances.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a cause of action against these Defendants under any applicable law.

2.     This court does not possess proper jurisdiction and/or venue over the parties in this case.

3.     One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

4.     Defendant has one or more license(s).

5.     Plaintiff authorized or consented to Defendants' usage of the Works at issue in this lawsuit.

6.     Plaintiff has unclean hands.

7.     Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

8.     This action is barred by the doctrine of laches.

9.     Plaintiff's action is barred by the doctrine of equitable estoppel.

10.     Defendants' conduct was innocent, non-infringing, and not a willful infringement of a copyright.

11.     Any alleged infringement is barred by the statute of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. § 507.

12.     Plaintiff failed to register the copyrights of one of more of the Works at issue in this lawsuit and, therefore, are not permitted to file this lawsuit or maintain this action.

13.     Plaintiff has engaged in one or more acts that have misused its alleged copyrights, including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.  Defendants reserve the right to assert one or more antitrust related claims.

14.     Plaintiff's claims are barred to the extent they claim copyright protection in works that are immoral, illegal, obscene, or libelous.

15.     Plaintiff's claims are barred due to their deceptive and misleading advertising in connection with the distribution of all alleged copyrighted works.

16.     Plaintiff waived its rights to claim copyright infringement.

17.     Plaintiff abandoned or forfeited its copyrights.

18.     Plaintiff acquiesced to any alleged copyright infringement.

19.     This action may be barred by the "first sale doctrine" because Defendants lawfully obtained and possessed one or more of Plaintiff's alleged copyrighted works.  17 U.S.C. § 109(a).

20.     Plaintiff's claims are barred since critical parts or portions of its alleged protected copyrights are invalid due to consisting of un-protectable idea(s) or processes.

21.     Plaintiff's claims are barred since critical parts or portions of its alleged protected copyrights are invalid due to consisting of fact(s).

22.     This Court lacks personal jurisdiction over Defendants to enter a judgment against Defendants.

23.     Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorneys' fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of Plaintiff's alleged works.

24.     Plaintiff has failed to join indispensable parties.

25.     Plaintiff is not the owner of one or more copyrights at issue.

26.     One or more of Plaintiff's copyrights have elements taken from the public domain upon which a copyright infringement action cannot be maintained.

27.     Plaintiff's claims, including its assertion of copyright protection, are barred by the doctrine of merger.

28.     This action is barred by the "scenes-a-faire" doctrine.

29.     This action is barred by section 117 limitations on exclusive rights.

30.     Defendants' actions are protected as backup copies.

Respectfully submitted,

LAW OFFICES OF LUCY T. UNGER


BY:     */s/ David P. Renovitch*
        David P. Renovitch, MO#57065
        12312 Olive Blvd., Suite 350-A
        Creve Coeur, MO  63141
        314-655-9125 / FAX: 877-369-4899
        david.renovitch@thehartford.com
        ***Attorney for Defendants***

## <u>CERTIFICATE OF MAILING</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent by the Court's electronic filing system on this 16th day of August, 2022, to all counsel of record, including:

Richard A. Voytas, Jr.
VOYTAS LAW, LLC
7321 S. Lindbergh Blvd. Ste. 101
Saint Louis, MO 63125
314-380-3166
rick@voytaslaw.com

Craig A. Wirth
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
516-404-4350
craig.wirth@sriplaw.com

***Attorneys for Plaintiff***

_/s/ David P. Renovitch_____